NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL COLOMBO; RICHARD A. BEUSCHER Sr.; MARCUS DAVID HYNNING; SUNSHINE KLEWIN-VELASCO; SETH A. JONES; JONATHAN MONROE HILL; ISABELLE HOYGAARD; AUSTIN LEE ALTON MARSHALL; ALEXANDER CLAYTON CHANEY; MICHAEL JON LIND; TERRY LEE JEWELL; STEPHEN ALLEN DORMAIER; TIMOTHY A. GALLAGHER; GREGORY ROBERTS; DANIEL LEE MILLER; JEFFREY FULLER, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> WASHINGTON DEPARTMENT OF NATURAL RESOURCES, a governmental agency; HILARY FRANZ, <br><br> Defendants - Appellees. | No. 25-3863 <br><br> D.C. No. 3:24-cv-05887-DGE <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Argued and Submitted May 20, 2026
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: TALLMAN, CLIFTON, and R. NELSON, Circuit Judges.

Defendants-Appellees Washington Department of Natural Resources ("WDNR") and Commissioner of Public Lands Hilary Franz ("Franz") (together, "Defendants") enacted a department-wide policy requiring employees to be vaccinated against COVID-19. Plaintiffs-Appellants ("Plaintiffs") WDNR firefighters declined to be vaccinated on account of their religious beliefs and were subsequently terminated. Plaintiffs appeal the district court's order dismissing with prejudice three claims brought under 42 U.S.C. § 1983 alleging violations of the Free Exercise Clause, Equal Protection Clause, and Due Process Clause.

We review a district court's dismissal for failure to state a claim de novo. *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 80 F.4th 1011, 1014 (9th Cir. 2023). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1.     Plaintiffs' federal claims against WDNR fail because the agency is not a "person" for purposes of 42 U.S.C. § 1983. WDNR is an arm of the State of Washington under the factors outlined in *Kohn v. State Bar of California*, 87 F.4th

1021, 1030 (9th Cir. 2023) (en banc).[1] The State's intent in creating WDNR, the State's control over WDNR, and WDNR's overall effects on the State treasury all support our conclusion. *See id.* (describing the three factors). Washington federal district courts have also repeatedly treated WDNR as a state agency to which sovereign immunity applies. *See, e.g.*, *Westover v. Washington*, 2025 WL 1384068, at *11 (W.D. Wash. May 13, 2025). Plaintiffs have not identified authority to support their position.

Plaintiffs do not argue that WDNR waived its sovereign immunity. Accordingly, Plaintiffs' federal claims are barred by the Eleventh Amendment. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Because amending the Complaint could not overcome that problem, the district court did not abuse its discretion in dismissing these claims with prejudice. See *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010).

2.      Sovereign immunity applies to Plaintiffs' federal claims against Franz for damages in her official capacity. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 n.24 (1997).

---

[1] The Supreme Court recently clarified that the "predominant[]" factor in finding that an entity is an arm of the state is "whether the State structured the entity as a legally separate entity liable for its own judgments." *Galette v. N. J. Transit Corp.*, 607 U.S. 509, 523–24 (2026). This factor maps onto the third factor under *Kohn*, which weighs in favor of sovereign immunity.

Plaintiffs argue that a claim may be brought against a state official for prospective injunctive relief. *See Ex parte Young*, 209 U.S. 123 (1908); *see also Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997). Plaintiffs have not, however, identified any ongoing violation of federal law that could be redressed by prospective injunctive relief. The vaccine mandate was rescinded on or about May 11, 2023. Plaintiffs did not file this action until October 2024, more than a year and a half later. "Because plaintiffs seek only redress for past harms, their suit is barred by the Eleventh Amendment." *Han v. U.S. Dep't of Just.*, 45 F.3d 333, 338 (9th Cir. 1995).

We affirm the district court's dismissal of claims brought against Franz in her official capacity with prejudice.

3.      Franz is entitled to qualified immunity for damage claims brought against her in her personal capacity. Franz is entitled to qualified immunity as to Plaintiffs' Free Exercise claim because the claimed right was not clearly established at the time of the alleged conduct. Plaintiffs' reliance on *Tandon v. Newsom*, 593 U.S. 61 (2021), and *Roman Catholic Diocese v. Cuomo*, 592 U.S. 14 (2020) is misplaced. These cases concern COVID-19 restrictions on worship in group settings, which our circuit has recognized as "meaningfully distinct" from vaccine mandate cases such as this one. *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1181 (9th Cir. 2021). A reasonable official would not understand that

these cases clearly established the violation of a constitutional right by Franz's issuance of the vaccine mandate that included a designated process for obtaining exemptions and accommodations. Plaintiffs also point to *Bacon v. Woodward*, 104 F.4th 744 (9th Cir. 2024) but *Bacon* was published *after* WDNR denied Plaintiffs' accommodations requests and terminated their employment. *Bacon* could not serve to clearly establish law knowable *at the time* of the alleged conduct for purposes of our qualified immunity analysis. We affirm the district court's dismissal of their Free Exercise claim with prejudice.

4. Qualified immunity applies to Plaintiffs' Equal Protection Clause claim against Franz in her personal capacity. Plaintiffs concede that these factual circumstances had not been "specifically addressed by governing precedent when Ms. Franz arranged for religious objectors' discharge." We affirm the district court's dismissal of their Equal Protection Clause claim with prejudice.

5. Franz is entitled to qualified immunity as to Plaintiffs' Due Process claim. Plaintiffs point to *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985) to support a clearly established right to a pre-termination hearing. In *Loudermill*, the Court determined that "[t]he essential requirements of due process . . . are notice and an opportunity to respond." 470 U.S. at 546. WDNR's accommodation and exemption process, in itself, provided as much notice and process as the law required. WDNR notified employees that they would be

terminated if they did not get vaccinated and the exemption and accommodation process provided an opportunity for employees to present their reasons for noncompliance. We affirm the district court's dismissal of their Due Process claim with prejudice.

6.     Having dismissed all federal claims over which it had original jurisdiction, the district court declined to exercise jurisdiction over Plaintiffs' supplemental state law claims. We affirm the district court's dismissal of the state law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3); *see also Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

7.     Plaintiffs assert that the district court abused its discretion by not permitting oral argument. There was no indication "that oral argument would have added to the district court's understanding of the issues before it or altered the outcome." *Zucker v. Occidental Petroleum Corp.*, 68 F.3d 482 (9th Cir. 1995). The district court did not abuse its discretion in declining to hear oral argument.

**AFFIRMED**.